# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | MDL No. 13-2441 (DWF/FLN) |
| This Document Relates to:<br><br>DENNIS KIRK BRAUNGARDT<br><br>Plaintiff,<br><br>vs.<br><br>HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS, STRYKER CORP., STRYKER SALES CORPORATION and STRYKER IRELAND LIMITED,<br><br>Defendants. | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiff, DENNIS KIRK BRAUNGARDT, states and brings this civil action in MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #10 dated January 23, 2014 of this Court.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, DENNIS KIRK BRAUNGARDT, is a resident and citizen of the State of Oklahoma and claims damages as set forth below.

3. Venue of this case is appropriate in the United States District Court,

_Northern_ District of _Oklahoma_. Plaintiff states that but for the Order permitting directly filing into the District of Minnesota pursuant to Pretrial Order No. 4, Plaintiff would have filed in the United States District Court, _Northern_ District of _Oklahoma_. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

    4.    Plaintiff brings this action *[check the applicable designation]*:

    __X__    On behalf of himself/herself;

    _____    In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

## FACTUAL ALLEGATIONS

Allegations as to **Right-Side** Implant/Explant Surgery(ies):

    5.    Plaintiff was implanted with a _Rejuvenate_ Modular hip stem on his/her right hip on or about _June_ _4_, _2012_ at the _Oklahoma Surgical Hospital 2448 East 81st Street, Ste. 300, Tulsa, OK 74137_ (medical center and address) by Dr. _Christopher Browne_.

    6.    Plaintiff _had_ the right hip stem at issue explanted on _April_

2

9 , 2015 at Oklahoma Surgical Hospital, 2448 East 81st Street, Ste. 300, Tulsa, OK _____ (medical center and address) by Dr. Christopher Browne .

Allegations as to **Left-Side** Implant/Explant Surgery(ies):

7.  Plaintiff was implanted with a Rejuvenate Modular hip stem on his/her left hip on or about March 5 , 2012 at the Oklahoma Surgical Hospital 2448 East 81st Street, Ste. 300, Tulsa, OK 74137 (medical center and address) by Dr. Christopher Browne .

8.  Plaintiff had the left hip stem at issue explanted on January 20 , 2014 at Oklahoma Surgical Hospital, 2448 East 81st Street, Ste. 300, Tulsa, OK 74137 (medical center and address) by Dr. Christopher Browne .

## ALLEGATIONS AS TO INJURIES

9.  Plaintiff claims damages as a result of (check all that are applicable):

    [X] INJURY TO HERSELF/HIMSELF

    [ ] INJURY TO THE PERSON REPRESENTED

    [ ] WRONGFUL DEATH

    [ ] SURVIVORSHIP ACTION

    [X] ECONOMIC LOSS

10. Plaintiff has suffered injuries as a result of implantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11. Plaintiff has suffered injuries as a result of the explantation of the Device at

issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

13. Plaintiff could not have known that the injuries he/she suffered were as a result of a defect in the Device at issue until after the date the Device was recalled from the market and the Plaintiff came to learn of the recall.

14. In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device at issue.

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference (check all that are applicable):

    [X] COUNT I - NEGLIGENCE;

    [X] COUNT II - NEGLIGENCE PER SE;

    [X] COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    [X] COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    [X] COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

☒     COUNT VI - BREACH OF EXPRESS WARRANTY;

☒     COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

☒     COUNT VIII - BREACH OF IMPLIED WARRANTIES;

☒     COUNT IX - VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, CONSUMER PROTECTION, MERCHANDISING PRACTICES AND FALSE ADVERTISING ACTS

☒     COUNT X – VIOLATION OF CONSUMER FRAUD AND/ OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

☒     COUNT XI - NEGLIGENT MISREPRESENTATION

☐     COUNT XII - LOSS OF CONSORTIUM

☒     COUNT XIII – UNJUST ENRICHMENT

☐     COUNT XIV – WRONGFUL DEATH

In addition to the above, Plaintiff asserts the following additional causes of action under applicable state law:

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this

action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: April 29, 2015                                     Respectfully submitted,


                                                        */s/ Richard R. Schlueter*
                                                        Richard R. Schlueter
                                                        GA Bar # 629420
                                                        Childers, Schlueter & Smith, L.L.C.
                                                        1932 N. Druid Hills Rd., Ste. 100
                                                        Atlanta, GA  30319
                                                        404-419-9500 phone
                                                        404-419-9501 fax
                                                        rschlueter@cssfirm.com
                                                        Counsel for the Plaintiff